**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 6, 2014

Via ECF

Catherine O'Hagan Wolfe, Esq.,
   Clerk of Court,
      U.S. Court of Appeals for the Second Circuit,
         Thurgood Marshall United States Courthouse, 40 Foley Square,
            New York, New York 10007.

      Re: *Viking Global Equities LP* v. *Porsche Automobil Holding SE*, No. 11-0397 (argued on February 24, 2012 before Circuit Judges Hall, Leval and Sack)

Dear Ms. Wolfe:

      On behalf of Appellees, I respond to Appellants' March 5, 2014 Rule 28(j) response letter regarding *In re Bear Stearns Companies, Inc. Securities, Derivative, and ERISA Litigation*, 2014 WL 463582 (S.D.N.Y. Feb. 5, 2014) ("*Bear Stearns*").

      1.    Appellants ignore Judge Sweet's holding that, even if the Section 10(b) implied private right of action applies to swaps, the right of action "should be narrowly circumscribed to apply only against persons *directly involved in* swap transactions." *Bear Stearns*, 2014 WL 463582, at *11 (emphasis added). This holding reflects the concern, plainly present with respect to Porsche, of imposing massive liability on third parties for the private bets of unknown speculators. (*See* Porsche Br. at 32-33; *see also* Law Professors' Amicus Br. at 23-29.)

      2.    Moreover, there is ample support for Judge Sweet's holding that the Commodities Futures Modernization Act of 2000 ("CFMA") did not extend the Section 10(b) private right of action to swap transactions, because (i) this implied right of action must be given "'narrow dimensions,'" and (ii) there is no "express statutory language" indicating that Congress intended to "extend[]" this private right of action to swaps. *Bear Stearns*, 2014 WL 463582, at *10 (quoting *Janus Capital Grp., Inc.* v. *First Derivative Traders*, 131 S. Ct. 2296, 2302 (2011)). Indeed, Appellants here impermissibly seek to extend the Section 10(b) implied private right of action even beyond swaps referencing U.S.-traded securities to swaps referencing securities traded

Catherine O'Hagan Wolfe, Esq.										-2-

entirely on a foreign stock exchange, thereby implicating the presumption against the extraterritorial application of U.S. law and the policy concerns expressed by the Supreme Court in *Morrison* v. *National Australia Bank Ltd.*, 130 S. Ct. 2869 (2010). (*See* Porsche Br. at 27-29.)

        3.       Finally, Appellants ignore the black-letter law that this Court "may affirm on any basis for which there is sufficient support in the record." *Ferran* v. *Town of Nassau*, 471 F.3d 363, 365 (2d Cir. 2006) (per curiam).

        Respectfully,

        /s/ Robert J. Giuffra, Jr.
        Robert J. Giuffra, Jr.

cc:    Counsel for Appellees (via ECF)
       Counsel for Appellants (via ECF)